Filed 10/31/23  P. v. Moreno CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>CIPRIANO MORENO,<br><br>　　　Defendant and Appellant. | A166156<br><br>(Napa County Super. Ct.<br>No. 22CR001017) |

MEMORANDUM OPINION

In June 2022, Cipriano Moreno pled no contest to two felonies and a misdemeanor, and he admitted several aggravating factors.[1] At a sentencing hearing held shortly thereafter, the trial court suspended imposition of sentence and placed him on probation with various conditions—including a "flash incarceration" condition imposed pursuant to section 1203.35, subdivision (a)(1) (condition).

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not include an extensive summary of the factual and procedural background because our opinion is unpublished and the parties know—or should know—the attendant facts and procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) Undesignated statutory references are to the Penal Code.

1

As relevant here, section 1203.35 authorizes a probation department to employ flash incarceration—a "period of detention in a county jail due to a violation of an offender's conditions of probation"—if, "at the time of granting probation . . . , the [trial] court obtains from the defendant a waiver to a court hearing prior to the imposition of a period of flash incarceration." (*Id.*, subds. (b), (a)(1).) "[F]lash incarceration is designed to be a swifter, but milder and less disabling sanction than a return to court with its potential term of many months. It is also clearly designed to relieve the courts of the burden of having to adjudicate and punish minor violations." (*People v. Superior Court* (*Ward*) (2014) 232 Cal.App.4th 345, 353 [analyzing similar statute]; § 1203.35, subd. (b).) "Probation shall not be denied for refusal to sign the waiver." (§ 1203.35, subd. (a)(1).)

On appeal, the parties agree the trial court erred by imposing the condition without eliciting the waiver required by section 1203.35.[2] They are correct. The Attorney General urges us to remand for the court to elicit the requisite waiver. In his opening brief, Moreno asked this court to strike the condition, but he has not filed a reply brief contesting the Attorney General's proposed remedy. We deem Moreno's decision not to file a reply brief as an implicit concession that the matter should be remanded to allow the court to obtain the waiver.

## DISPOSITION

Moreno's sentence is conditionally vacated, and the matter is remanded for the trial court to conduct a hearing at which it may elicit from Moreno the waiver of his right to a court hearing required by section 1203.35,

---

[2] They also agree—as do we—that the issue is preserved for our review notwithstanding defense counsel's failure to object to the condition. (See *People v. Hines* (1997) 15 Cal.4th 997, 1061 [pure issue of law based on undisputed facts may be addressed for first time on appeal].)

subdivision (a)(1). If the trial court obtains such a waiver, it must reimpose the sentence, including the condition. If Moreno does not waive his right to a hearing pursuant to section 1203.35, subdivision (a)(1), the court must reimpose the sentence without the condition. The trial court is directed to prepare an amended sentencing minute order. In all other respects, the judgment is affirmed.


HIRAMOTO, J.*


WE CONCUR:

BROWN, P. J.
STREETER, J.

*People v. Moreno* (A166156)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3